IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Wire Company Holdings, Inc.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15-_____ (    ) |
| In re:<br><br>Wire Property Holdings, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15-_____ (    ) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed counsel, submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, directing the joint administration of these chapter 11 cases for procedural purposes only.  In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no trustee, examiner or committee has been requested or appointed in the Chapter 11 Cases.

6. Additional background facts concerning the Debtors and the commencement of the Chapter 11 Cases are provided in the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings*, filed contemporaneously herewith.

## RELIEF REQUESTED

7. By this Motion, the Debtors request the entry of an order directing the joint administration of their Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for each of the jointly-administered cases. The Debtors propose to designate the Chapter 11 Case of Wire Company Holdings, Inc. as the main bankruptcy case.

8. Accordingly, the Debtors request that the Chapter 11 Cases be administered under the following consolidated caption:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Wire Company Holdings, Inc., *et al.*,[1] | Case No. 15-_____ (____) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Wire Company Holdings, Inc. (6535), a Delaware corporation, ("WCHI") and Wire Property Holdings, LLC (7827), a Delaware limited liability company ("Wire Property"). The location of the Debtors' corporate headquarters is 500 East Middle Street. Hanover, Pennsylvania 17331.

9. The Debtors also request that the following docket entry shall be made in each of the above-captioned cases to reflect the procedural consolidation and joint administration of these Chapter 11 Cases as set forth herein:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Wire Company Holdings, Inc., and Wire Property Holdings, LLC. All further docket entries shall be made in Case No. 15-____ (   ).

10. The Debtors will file a consolidated monthly operating report, but will separately set forth disbursements for each Debtor as a schedule as required by the *United States Trustee Operating Guidelines*, with said reports to be filed in the lead case, rather than in each of the Debtor's individual cases.

**BASIS FOR RELIEF**

11. Bankruptcy Rule 1015(b) provides that "[i]f a joint petition or two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. Pursuant to the definition of

-3-

51461677.1

"affiliate" in section 101(2) of the Bankruptcy Code, and as used in Bankruptcy Rule 1015(b), the Debtors are affiliates.

12. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).

13. Section 105(a) of the Bankruptcy Code also provides the Court with the power to grant the relief requested herein. Specifically, section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. These Chapter 11 Cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors, their estates, and the Court.

15. The Debtors anticipate that numerous notices, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in the filing and service of numerous duplicative pleadings. Such duplication of substantially identical documents would be wasteful.

16. Joint administration will permit the Clerk of the Court to use a single general docket for all of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each Chapter 11 Case will be apprised of the various matters before the Court in the other cases.

17. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file its claim against a particular Debtor.  In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases.  The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

18. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified if the cases are jointly administered as requested herein.

## **NOTICE**

19. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; (ii) counsel to First Niagara Bank, N.A. (the "Bank"), Reed Smith LLP, Three Logan Square, 1717 Arch Street, Suite 3100, Philadelphia, PA, Attn: Claudia Z. Springer, Esq.; (iii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis; (iv) the Securities and Exchange Commission, Brookfield Place, 200 Vesey Street, Suite 400, New York, New York 10281; and (v) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

51461677.1

## **NO PRIOR REQUEST**

20. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** for the reasons set forth herein, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated:  October 8, 2015

**LOWENSTEIN SANDLER LLP**
Sharon L. Levine, Esq.
Nicole Stefanelli, Esq.
Andrew D. Behlmann, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
slevine@lowenstein.com
nstefanelli@lowenstein.com
abehlmann@lowenstein.com

- and –

**POLSINELLI PC**

 /s/ Christopher A. Ward
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*